IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION<br>1310 North Courthouse Road, Suite 700<br>Arlington, VA 22201,<br><br>   Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230,<br><br>   Defendant. | Civil Action No. 20-3662 |

## COMPLAINT

1. Plaintiff Americans for Prosperity Foundation ("AFPF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records from Defendant U.S. Department of Commerce ("Commerce") by and through its component, the National Telecommunications and Information Administration ("NTIA").

2. The FOIA request at issue concerns all communications sent or received by NTIA Senior Advisor Nathan Simington or Acting Assistant Secretary of Commerce for Communications and Information Adam Candeub, relating to Section 230, the Federal Communications Commission ("FCC"), and other search terms.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5.      Plaintiff AFPF is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and open society.  AFPF is dedicated to educating the public about the importance of internet freedom and entrepreneurship, including about the positive effects of 47 U.S.C. § 230.  AFPF has done so through regulatory comments, blog posts, and other efforts.  As part of its mission, AFPF files and litigates FOIA requests to investigate and learn about the functions of government.

6.      Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Commerce, by and through its component, NTIA, has possession, custody, and control of records to which AFPF seeks access and that are the subject of this Complaint.

## FACTS

### I.      NTIA's Petition to the FCC

7.      In July 2020, NTIA submitted a petition to the FCC requesting that the FCC initiate a rulemaking concerning Section 230 of the Communications Decency Act.  Nat'l Telecomm. & Info. Admin., Pet. for Rulemaking of the NTIA (July 27, 2020).

### II.     Defendant's Processing of AFPF's FOIA Request

8.      By letter, dated September 17, 2020, AFPF electronically submitted a FOIA request to Commerce seeking access to the following records:

> [A]ll communications sent to or from either National Telecommunications and Information Administration ("NTIA") Senior Advisor Nathan Simington or Acting Assistant Secretary of Commerce for Communications and Information Adam Candeub that contain any of the following keywords or phrases:
>
> - Section 230
> - AT&T
> - Federal Communications Commission or FCC
> - Rick Lane
> - Brendan Carr

- Mike Davis
- DCI
- Media Research Center or MRC
- Brent Bozell
- Rachael Bovard
- Dan Gainor
- Emily Covington

Ex. 1.

9.  AFPF identified the time period for its request as "September 1, 2019 to the present," and defined the term "present" as "the date on which the agency begins its search for responsive records." *Id.* at 1 & 1 n.2.

10. AFPF requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–3.

11. AFPF defined the term "record" as "any medium of information storage (e.g., document, file, email, email chain, etc.) maintained by an agency in any format, including electronic format, at the time the agency begins its search." *Id.* at 1 n.2.

12. On September 18, 2020, AFPF received correspondence from "admin@FOIAOnline.gov" indicating its request was active on that website, confirming the request items, and assigning it tracking number "DOC-NTIA-2020-001968." Ex. 2. On information and belief, Commerce created this correspondence through the FOIAOnline portal.

13. On that same day, NTIA acknowledged receipt of AFPF's request and assigned it a different tracking number, "NTIA FOIA 20-071." Ex. 3.

14. AFPF agreed to clarify the scope of its request. *Id*.

15. By email, NTIA confirmed the modified scope of AFPF's request as follows:

> AFPF requests all communications sent to or from either National Telecommunications and Information Administration ("NTIA") Senior Advisor Nathan Simington or Acting Assistant Secretary of Commerce for Communications and Information Adam Candeub that contain the following key phrases:

3

- Section 230 and any of the following terms:
    - AT&T
    - Federal Communications Commission or FCC
    - Rick Lane
    - Brendan Carr
    - Mike Davis
    - DCI
    - Media Research Center or MRC
    - Brent Bozell
    - Rachael Bovard
    - Dan Gainor
    - Emily Covington

The time period for this request is May 1, 2020, to [present] Sept. 17, 2020.

*Id*.

16. By letter, dated October 5, 2020, NTIA again confirmed the modified scope of AFPF's request, granted AFPF's public interest fee waiver request, and agreed to categorize AFPF as a "representative of the news media." Ex. 4.

17. NTIA also explained that "unusual circumstances"—namely, the need "to consult with other agencies regarding the release of the records and the probable quantity of records to review"—justified extending its statutory response period to thirty days. *Id.*

18. NTIA noted its intent to provide responsive records on a rolling basis. *Id.*

19. On October 26, 2020, NTIA transmitted its first interim production, which contained 128 records in 35 electronic files. Ex. 5. Thirty-five records were withheld "in part or in their entirety," under Exemption 5, but without identifying any relevant privilege. *Id*. An additional eight records were "withheld in part under Exemption 6." *Id*.

20. In this production, one record revealed that Mr. Candeub sent an email from a government email address to his private, gmail.com email address. Ex. 6.

21. On November 10, 2020, AFPF asked NTIA whether it could email the next production and when another interim or final production could be expected. Ex. 7.

4

22. On November 11, 2020, AFPF raised concerns that the first interim production did not include any text messages or instant messages. *Id*. ("These should be included in 'all communications' as well as e-mail, hand-written notes, etc.").

23. On November 16, 2020, NTIA responded that the second interim response was prepared, but the agency required an address clarification. Ex. 8. NTIA also claimed that AFPF's "request only specified email, it did not specify text and IM. If [AFPF] would like to request text messages and IM, [it] will need to file another FOIA request for those records." *Id*.

24. AFPF immediately confirmed its mailing address and noted that its initial FOIA request contained "no reference to seeking only e-mail records," as it instead mentioned "all communications." *Id*. AFPF further noted that this "matches the same language in [NTIA's] . . . clarification confirmation e-mail from September 18 . . . . Therefore, the request covers text messages and IMs." *Id*. AFPF also asked how many records were left after the second batch and when AFPF could expect to receive them. *Id*.

25. NTIA responded that it does "not have a final count or an estimate of how many records will be responsive to [AFPF's] request. Nor d[id it] have an estimate of when this will be completed." *Id*. Additionally, NTIA attempted to justify its refusal to include records beyond e-mails in a search for "all communications" by pointing to a footnote in AFPF's request that defines the term "record." *Id.*; *cf. supra* ¶ 11.

26. On November 18, 2020, NTIA transmitted its second interim production, which contained 153 records in 39 electronic files. Ex. 9. Fifty-nine records were withheld "in part or in their entirety," under Exemption 5, but without identifying any relevant privilege. *Id*. An additional twenty-five records were "withheld in part under Exemption 6." *Id*. Additionally,

5

fourteen records were referred to the Department of Justice and three to the Department of Commerce "for a direct response[.]"

27. On December 14, 2020, AFPF emailed NTIA noting that both Mr. Candeub and Mr. Simington will reportedly be leaving the agency. Ex. 10. Given these reports, AFPF requested "that NTIA take affirmative steps to preserve all potentially responsive records, including text message records and any private email account that may contain government records." *Id*.

28. To date, NTIA has not provided a final determination on AFPF's request, nor has it released another interim or final production of responsive records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

29. AFPF repeats and incorporates all the above paragraphs.

30. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

31. The FOIA also requires an agency to respond to valid requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id*. § 552(a)(6)(A)–(B). If an agency requires additional time to process a request, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id*. § 552(a)(6)(B)(ii).

32. The FOIA request at issue in this case seeks access to agency records maintained by Defendant, reasonably describes the records sought, and otherwise complies with the FOIA and Defendant's applicable regulations.

33. Defendant has failed to issue a final determination on or to complete production of all records responsive to the FOIA requests at issue within the applicable time limits.

34. AFPF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## COUNT 2

**Violation of the FOIA: Failure to Disclose Non-Exempt Responsive Records**

35. AFPF repeats and incorporates all the above paragraphs.

36. The FOIA allows an agency to "withhold information . . . only if "(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or (II) disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

37. If the agency does withhold records under a valid statutory exemption, the FOIA still requires it to "(I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release nonexempt information[.]" *Id*. § 552 (a)(8)(A)(ii).

38. Defendant has withheld records, either in part or in whole, pursuant to exemptions of the FOIA.

39. Defendant has not set forth a legal justification for withholding those records beyond noting which exemptions apply and reciting the statutory definition of the exemptions.

40. Defendant has not set forth a legal justification for failing to partially release otherwise wholly redacted records.

41. Defendant has not stated whether it took reasonable steps to segregate and release nonexempt information nor has it provided a legal justification for failing to segregate and release nonexempt information.

42. Defendant has not explained how it complied with the FOIA's "foreseeable harm" standard.

43. Defendant has failed to identify any relevant privilege(s) that justify its withholdings under Exemption 5.

44. Defendant has failed to fully disclose responsive records not lawfully covered by an exemption.

45. AFPF reserves the right to challenge any future redactions applied to responsive records transmitted before or during the pendency of this litigation.

46. AFPF is not required to file an administrative appeal to challenge the redaction of records in Defendant's first interim production because Defendant has not yet issued a final determination.  15 C.F.R. § 4.7(b); *see* Ex. 9.  Thus, AFPF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## COUNT 3

### Violation of the FOIA: Failure to Conduct a Reasonably Adequate Search

47. The FOIA defines the word "search" to mean "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to the request."  5 U.S.C. § 522(a)(3)(D).

48. Courts have interpreted this to mean the agency must conduct "a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

49. In carrying out its search, an agency is obliged to construe a FOIA request liberally. *See, e.g.*, *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

50. Defendant has admitted that it is not searching for text messages, instant messages, or other forms of communication that are plainly encompassed by the scope of Plaintiff's FOIA request.

51. Defendant instead avers it is only searching only for emails.

52. Defendant has improperly narrowed the scope of AFPF's FOIA request, as modified, both in terms of the plain text and a liberal reading.

53. Defendant has failed to conduct a reasonably adequate search.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff AFPF respectfully requests and prays that this Court:

a. Order Defendant to process AFPF's FOIA request and issue a final determination within twenty (20) business days of the date of the Order;

b. Order Defendant to conduct a search reasonably calculated to uncover all relevant records;

c. Order Defendant to produce all responsive records promptly upon issuing its final determination;

d. Order Defendant to re-process and produce all records withheld in full or part in Defendant's first interim production;

e. Maintain jurisdiction over this case until Defendant complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

f. Award AFPF its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant such other relief as the Court may deem just and proper.

//

//

//

Dated: December 14, 2020

Respectfully submitted,

*/s/ Eric R. Bolinder*
Eric R. Bolinder
D.C. Bar No. 1028335
Ryan P. Mulvey
D.C. Bar No. 1024362

AMERICANS FOR PROSPERITY FOUNDATION
1310 N. Courthouse Rd., Suite 700
Arlington, VA 22201
Telephone: 571-329-3324
EBolinder@afphq.org
RMulvey@afphq.org

*Counsel for Plaintiff Americans for Prosperity Foundation*